IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILMA MOORE; TERESA LOVE; BETH A. DAVIS**, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.:_____ |
| **COMPUCREDIT CORPORATION**, | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Wilma Moore, Teresa Love and Beth A. Davis bring this Class Action Complaint against Defendant Compucredit Corporation ("Compucredit") to redress violations of the federal Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq, as follows:

### JURISDICTION, VENUE AND PARTIES

1.  This action arises under the CROA, 15 U.S.C. § 1679 et seq. Subject-matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c).

3.  Plaintiff Wilma Moore is a resident citizen of Birmingham, Alabama.

4.  Plaintiff Teresa Love is a resident citizen of Hoover, Alabama.

5.  Plaintiff Beth A. Davis is a resident citizen of Old Orchard Beach, Maine.

6.  Defendant Compucredit is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.

7. Defendant Compucredit has transacted and continues to transact substantial business in this District, such that it is subject to personal jurisdiction in this District.

8. A substantial part of the events and omissions giving rise to the claims of Plaintiffs Wilma Moore and Teresa Love occurred in this District.

## FACTUAL BACKGROUND

9. Defendant Compucredit has marketed a subprime credit card under the brand name Aspire Visa to consumers with low or weak credit scores. Compucredit has promoted and marketed Aspire Visa through massive direct-mail solicitations and on the Internet. These promoting and marketing activities persistently represented to consumers that an Aspire Visa credit card purchased by the consumer could be used by the consumer to "rebuild your credit," "rebuild poor credit," and "improve your credit rating."

10. Compucredit's promoting and marketing efforts also repeatedly stated that there was "no deposit required," that the consumer was "pre-qualified," and that consumers would immediately receive $300 in available credit when they received the Aspire Visa credit card. These representations were prominently made in Compucredit's advertisements.

11. When a consumer opened an Aspire Visa credit card account, Compucredit uniformly assessed charges for an "account opening fee finance charge" of $29, an "account maintenance fee" of $6.50, and an "annual fee" of $150 to the account. All of these fees were immediately assessed against the $300 credit limit, resulting in an available credit limit to the consumer of approximately $115. These fees were only recited in small font, were buried in other information in the advertisements, were not prominent, and were not in proximity to Compucredit's representations set out above that no deposit

2

was required, that the consumer was pre-qualified, and that a $300 credit limit was immediately available.

12. Each Plaintiff saw Compucredit's advertisements set out above.

13. Each Plaintiff applied for and received an Aspire Visa credit card.

14. When each Plaintiff's Aspire Visa credit card account was opened, Compucredit immediately assessed against the account and its $300 credit limit the "account opening fee finance charge," "the account maintenance fee" and the "annual fee" set out above.

15. Each Plaintiff has paid Compucredit money on her Aspire Visa account or remains indebted to Compucredit on her Aspire Visa account.

16. Compucredit is a "credit repair organization" within the meaning of 15 U.S.C. § 1679a(3)(A).

17. Compucredit did not rebuild Plaintiffs' credit or improve Plaintiffs' credit ratings, and did not provide assistance to Plaintiffs with regard to rebuilding their credit or improving their credit ratings.

18. Compucredit charged Plaintiffs money to rebuild Plaintiffs' credit or to improve Plaintiffs' credit ratings before such service was fully performed. Compucredit charged Plaintiffs money to provide assistance to Plaintiffs with regard to rebuilding their credit or improving their credit ratings before such service was fully performed.

19. Compucredit charged Plaintiffs money for the "account opening fee finance charge," the "account maintenance fee" and the "annual fee" when Compucredit had agreed to furnish Plaintiffs with an immediate credit limit of $300, and thereby charged Plaintiffs those fees before that service was fully performed.

20. Compucredit did not provide Plaintiffs with the written disclosures required by 15 U.S.C. § 1679c before the agreements between Plaintiffs and Compucredit were executed.

21. Compucredit did not provide Plaintiffs with the written contracts required by 15 U.S.C. § 1679d.

22. Compucredit did not provide Plaintiffs with the cancellation forms required by 15 U.S.C. § 1679e.

## CLASS ACTION ALLEGATIONS

23. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all members of a Class defined as follows:

> All natural persons in the United States who, within five years prior to the commencement of this action, opened an Aspire Visa credit card account with Compucredit Corporation and who (1) were charged money by Compucredit in advance for the repair of their credit or for the provision of assistance with regard to the repair of their credit before such service was fully performed, (2) were charged money by Compucredit in advance for the extension of an immediate $300 credit limit before that service was fully performed, (3) did not receive the disclosures required by 15 U.S.C. § 1679c, (4) did not receive a written contract in compliance with 15 U.S.C. § 1679d, and/or (5) did not receive the cancellation form required by 15 U.S.C. § 1679e.
>
> Excluded from the Class are: (1) all current or former employees, officers and directors of Compucredit and/or Compucredit's parents, subsidiaries, and affiliates, and the current spouses of such individuals; (2) all persons currently serving as Judges or Magistrate Judges of the United States, and the current spouses of such persons; (3) all persons residing in the State of Nebraska as of the date of class certification in this case.

24. The members of the Class are so numerous that joinder of all members is

impracticable. Plaintiffs allege on information and belief that the Class consists of thousands of members. The precise number and identity of the Class members can be ascertained from the books and records of Compucredit.

25. There are questions of law and/or fact common to the Class that predominate over any questions affecting individual Class members. These questions include, but are not limited to, the following:

    a.    Whether Compucredit is a credit repair organization within the meaning of 15 U.S.C. § 1679a(3)(A);

    b.    Whether Compucredit's representations in its advertisements were untrue or misleading representations of its services in violation of 15 U.S.C. § 1679b(a)(3) ;

    c.    Whether Compucredit charged money in advance for the performance of services which it had agreed to perform for the consumer before such services were fully performed;

    d.    Whether Compucredit furnished the disclosures required by 15 U.S.C. § 1679c;

    e.    Whether Compucredit provided written contracts in compliance with 15 U.S.C. § 1679d;

    f.    Whether Compucredit furnished a cancellation form as required by 15 U.S.C. § 1679e.

26. Plaintiffs are committed to vigorously prosecuting this action and have retained experienced and competent counsel. Plaintiffs' counsel are highly experienced in complex consumer class actions. Neither Plaintiffs nor Plaintiffs' counsel have any

interests that might cause them not to vigorously pursue this action.

27. A well-defined community of interest and common questions of law and fact affect the parties to be represented in this class action. Plaintiffs' interests are coextensive with those of the Class, and Plaintiffs have no interests adverse to those of the absent Class members.

28. The claims of the named Plaintiffs are typical of the claims of the Class, and Plaintiffs have the same interests as the other members of the Class.

29. Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Disposition of the Class members' claims in this class action will provide substantial benefits to the parties and the judicial system. No difficulties are likely to be encountered in the management of this action as a class action.

## **VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

31. Plaintiffs reassert and incorporate herein all preceding allegations.

32. Plaintiffs are consumers as defined in 15 U.S.C. § 1679a(1).

33. Compucredit is a credit repair organization as defined in 15 U.S.C. § 1679a(3)(A).

34. Compucredit made untrue or misleading representations of its services to Plaintiffs and the Class members in violation of 15 U.S.C. § 1679b(a)(3), as follows:

> (a) Compucredit represented that an Aspire Visa credit card purchased by Plaintiffs and the Class members could be used by Plaintiffs and the Class members to "rebuild your credit," "rebuild poor credit," and

"improve your credit rating."

(b) Compucredit represented that it would provide assistance to Plaintiffs and the Class members with regard to rebuilding their credit and improving their credit rating, through their purchase of an Aspire Visa credit card.

(c) Compucredit represented that a $300 credit limit would immediately be available if Plaintiffs and the Class members purchased an Aspire Visa credit card, when approximately $185 in fees was charged against the account before Plaintiffs and the Class members received the card.

(d) Compucredit represented that no deposit was required if Plaintiffs and the Class members purchased an Aspire Visa credit card, when approximately $185 in fees was charged against the account before Plaintiffs and the Class members received the card.

(e) Compucredit represented that Plaintiffs and the Class members were pre-qualified for the purchase of an Aspire Visa credit card, when approximately $185 in fees was charged against the account before Plaintiffs and the Class members received the card.

35. Compucredit received payment in advance for services that it had agreed to perform and before such services were fully performed, in violation of 15 U.S.C. § 1679b(b).

36. Compucredit did not provide Plaintiffs and the Class members with the disclosures required by 15 U.S.C. § 1679c.

7

37. Compucredit did not provide Plaintiffs and the Class members with written contracts in compliance with 15 U.S.C. § 1679d.

38. Compucredit did not provide Plaintiffs and the Class members with the cancellation form required by 15 U.S.C. § 1679e.

39. Plaintiffs and the Class members have been damaged by Compucredit's actions.

WHEREFORE, Plaintiffs and the Class members demand judgment against Compucredit for (1) actual damages pursuant to 15 U.S.C. § 1679g(a)(1); (2) punitive damages pursuant to 15 U.S.C. § 1679g(2)(B); and (3) attorney's fees and costs pursuant to 15 U.S.C. § 1679g(3). Plaintiffs further request that this Court certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiffs as Class Representatives, and appoint their below-named attorneys as counsel for the Class. Plaintiffs further pray for such other, further and/or additional relief to which they and the Class members may be entitled, the premises considered.

TAYLOR-MARTINO, P.C.
Attorneys for the Plaintiffs and the Proposed Class

*/s/ Steven A. Martino*

STEVEN A. MARTINO   (MARTS7433)
W. LLOYD COPELAND   (COPEW3831)
KASIE M. BRASWELL   (BRASK5769)
51 St. Joseph Street (36602)
Post Office Box 894
Mobile, AL 36601
PH:   (251) 433-3131
FX:   (251) 405-5080
stevemartino@tmklegal.com
lloyd@tmklegal.com
kasie@tmklegal.com

**OF COUNSEL:**

Gregory H. Hawley, Esq.
Christopher J. Nicholson, Esq.
WHITE, ARNOLD & DOWD, P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
PH:   (205) 323-1888
FX:   (205) 323-8907
ghawley@waadlaw.com
cnicholson@waadlaw.com


Richard R. Rosenthal, Esq.
LAW OFFICES OF RICHARD R. ROSENTHAL, PC
200 Title Building
300 N. Richard Arrington Jr. Blvd.
Birmingham, AL 35203
PH:   (205) 252-1146
FX:   (205) 252-4907
rosenthallaw@bellsouth.net

## JURY DEMAND

**PLAINTIFFS DEMAND TRIAL BY JURY.**

_____
W. LLOYD COPELAND

**SERVE DEFENDANT VIA CERTIFIED MAIL:**

Compucredit Corporation
c/o Davis J. Anderson
615 W. First Street
Rome, GA 30161